IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LAURA BAIRD, | § |
|        **Plaintiff,** | § |
| | § |
| **v.** | § |
| | §   **CIVIL ACTION NO. 2:21CV00266-Z** |
| **LINCOLN LIFE ASSURANCE** | § |
| **COMPANY OF BOSTON,** | § |
|        **Defendant.** | § |

**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant Lincoln Life Assurance Company of Boston[1] ("Lincoln") files this Answer to

Plaintiff's Complaint (the "Complaint") filed by Plaintiff Laura Baird ("Plaintiff"), and Lincoln

files a counterclaim through its undersigned counsel and states as follows:

**I.  PARTIES**

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current

residence, and accordingly, denies this allegation.

2.      Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do

business in Texas.  Lincoln denies all remaining allegations contained in Paragraph 2 of the

Complaint.

**II.  JURISDICTION AND VENUE**

3.      Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this

Court pursuant to 28 U.S.C. § 1331.  Lincoln specifically denies that the bringing of this action or

---

[1]     The correct name of the Defendant in this action is The Lincoln National Life Insurance Company.  The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy.  However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company.  Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 4 contains legal conclusions, Lincoln Life is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

### III.  FACTS AND ALLEGATIONS

5. Lincoln admits that Select Medical Corporation ("Select Medical") sponsored the Select Medical Corporation Group Disability Income Plan (the "LTD Plan") to provide long term disability benefits to participating, eligible employees of Select Medical and certain of its affiliates/related entities and that the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that Plaintiff was, at certain times, employed as a Radiologic Technologist with Concentra Health Services, Inc. ("Concentra"), an affiliate of Select Medical, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GD/GF3-810-261699-01 (the "Policy") issued by Lincoln Life to Select Medical. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy issued by Lincoln to Select Medical and that Plaintiff was, at certain times, a participant in the LTD Plan sponsored by Select Medical. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.       Lincoln admits that Select Medical sponsored the LTD Plan to provide long term disability benefits to participating, eligible employees of Select Medical and certain of its affiliates/related entities and that the Policy issued by Lincoln to Select Medical, at certain times, insured benefits from the LTD Plan.  Lincoln admits Plaintiff was, at certain times, employed by Concentra and a participant in the LTD Plan.  To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.       Lincoln admits Plaintiff's last day at work at Concentra was August 10, 2017. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.      Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan.  To the extent that the allegations contained in Paragraph 10 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents.  Lincoln admits it sent a letter to Plaintiff dated November 29, 2021, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B).  Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contains in Paragraph 11 of the Complaint.

12.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contains in Paragraph 12 of the Complaint.

13.     Lincoln denies all allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln denies all allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln denies all allegations contained in Paragraph 15 of the Complaint.

16.     Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 1-4 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion

because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1.      In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan.  Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff.  Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration.  Plaintiff has failed and refused to make reimbursement to Lincoln in breach of

the terms of the LTD Plan.  Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 25th day of February 2022.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

By:   /s/ Iwana Rademaekers
    Iwana Rademaekers, Esq.
    Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

> J. Price McNamara
> Email: price@jpricemcnamara.com

| | |
|---|---|
| February 25, 2022 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |