**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **LAURA BAIRD,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 2:21CV00266-Z-BR** |
| **LINCOLN LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**JOINT PROPOSED SCHEDULING ORDER DEADLINES**

Pursuant to the Court's February 28, 2022, Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, Plaintiff Laura Baird ("Baird") and Defendant Lincoln Life Assurance Company of Boston ("Lincoln") file this Joint Proposed Scheduling Order.

1.     **A brief statement of the nature of the case, including the contentions of the parties.**

Baird seeks recovery of long term disability benefits from Lincoln Life pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  Baird alleges Lincoln Life wrongfully denied her claim for benefits.  Lincoln Life alleges that Baird cannot recover from it because the decisions made on Baird's claim for benefits were not an abuse of discretion based on the administrative record for the claim and the relevant policy.  Alternatively, any recovery by Baird must be reduced by other income earned by Baird, including income from the Social Security Administration.  Both Baird and Lincoln have claimed attorneys' fees pursuant to 29 U.S.C. § 1132(e).  Lincoln has filed a counterclaim to recover the benefit overpayment that resulted when Baird received a retroactive award of disability benefits from the Social Security Administration.

2.     **Any challenge to jurisdiction or venue.**

None.

**3.**     <u>**Likelihood that other parties will be joined.**</u>

The parties do not anticipate joining other parties.

**4.**     <u>**Proposed time deadlines.**</u>

This action is a claim by Baird for recovery of disability benefits and Baird and Lincoln agree Baird's claims are governed by ERISA.  As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule.  Accordingly, although this Report contains deadlines requested in the Court's February 28, 2022, Order, the parties request a scheduling order containing the deadlines suggested in Paragraph 7 in lieu of the deadlines requested in the standard schedule.

**a.**     **Join parties:**  The parties do not anticipate joining other parties.

**b-g.**     **Expert witness designations, disclosures, rebuttals and objections:**

As this is an ERISA disability benefits case, the only experts relate to attorney's fees and the parties agree to submit any fee issues to the Court to decide after the underlying case is decided.

**h.**     **Amend pleadings by:**    <u>May 22, 2022</u>

**i.**     **Mediate case by:**    <u>July 15, 2022</u>

**j.**     **Complete discovery by:**    <u>August 15, 2022</u>

**k.**     **Dispositive motions, including motions for summary judgment shall be filed by:**    <u>October 4, 2022</u>

**l.**     **All other motions except motions in limine by:**    <u>February 6, 2023</u>

**m.**     **Rule 26(a)(3) disclosures by:**    <u>February 6, 2023</u>

**5.    The parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)-(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26.**

**A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

As this is an action for review on an administrative record, this action is exempted from this requirement pursuant to F.R.C.P. 26(a)(1)(B)(i).  Lincoln has agreed to serve a complete copy of the bates-labeled administrative record on Baird by March 28, 2022, and the Parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

**B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

As this matter is a claim for ERISA benefits allegedly due, no discovery is required or permitted in this case other than production of the relevant administrative record and plan documents.  The parties anticipate that discovery can be reasonably completed on or before August 15, 2022.

**C.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

None.

**D.    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

None.

**E.** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

As this matter is a claim for ERISA benefits allegedly due, no discovery is required or permitted in this case other than production of the relevant administrative record and plan documents, which Lincoln has agreed to produce to Baird by March 28, 2022.

**F.** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

None.

**6.** **(a)** **Whether all parties consent to have the Magistrate Judge conduct all proceedings in this case, including jury or nonjury trial and entry of judgment pursuant to 28 U.S.C. § 636(c).**

The parties do not consent to trial before the magistrate judge.

**(b)** **Current status of settlement negotiations, and statement as to whether it is more appropriate to refer the case for private mediation or conduct a court-supervised settlement conference:**

The parties have begun informal settlement negotiations. Should it be needed, the parties agree to mediate with a mutually agreeable mediator.

**(c)** **Ready for trial date, estimate of the number of trial days and whether a jury has been demanded:**

A jury has not been demanded in this case, as no jury is permitted in this case since it is governed by ERISA. The Parties believe that the case can be resolved through joint submission of a stipulated record with briefing to the court. However, if a trial is needed, the Parties estimate that one day will be required and propose a trial date of February 21, 2023.

**(d)** **If a party is required under N.D. Tex. Civ. R. 83.10(a) to have local counsel, the date local counsel entered an appearance or that the party moved for leave to proceed without local counsel:**

Under N.D. Tex. Civ. R. 83.10(a), Baird was required to have local counsel; John Thomas Boyd, Jr., entered his appearance as local counsel for Baird on February 22, 2022.

**e.    Certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4 or 81.1(a)(3)(D) was filed:**

Baird filed the Disclosure on December 28, 2021.

Lincoln filed the Disclosure on February 25, 2022.

**7.    Any information the parties believe may help the Court in setting a schedule for the case:**

Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule in lieu of a traditional scheduling order and propose the following deadlines: Discovery be completed by August 15, 2022; Mediation be completed by July 15, 2022; the Stipulated Record be filed by September 20, 2022, the parties' Opening Briefs be filed on October 4, 2022, the parties' Response Briefs on October 18, 2022, and any Reply Briefs on October 25, 2022.

Respectfully submitted,

  /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

**JOINT PROPOSED SCHEDULING ORDER DEADLINES - Page 5**

/s/ J. Price McNamara
J. Price McNamara
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
Email: price@jpricemcnamara.com

And

s/John Thomas Boyd Jr.
JOHN THOMAS BOYD JR.
TX Bar No.: 02772300
WHITE, HANNA & BOYD, PLLC
600 South Tyler Street, Suite 1810
Amarillo, Texas 79101
Telephone: 806-379-6416
Facsimile: 806-379-8504
Email: tom@whblaw.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via email on this 15th day of March 2022.

/s/Iwana Rademaekers
Iwana Rademaekers